**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 93-1123
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS


JOHN BURIAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

(April 7, 1994)

Before GOLDBERG, DAVIS and DeMOSS, Circuit Judges.

DAVIS, Circuit Judge:

John Burian appeals his conviction under 18 U.S.C. § 2252 for knowingly receiving in the mail visual depictions of minor children engaged in sexually explicit conduct. His primary challenge on appeal is the constitutionality of § 2252. Because we interpret § 2252 as including a knowledge requirement, we affirm his conviction. Burian also contends on appeal that the district court erred in denying his request for a reduction in his guideline sentence for acceptance of responsibility. We also find no error in this ruling by the trial court and also affirm his sentence.

I.

In January, 1992, postal inspectors executed a search warrant at an adult mail order business dealing in child pornography. The postal inspectors found that John Burian had written requesting a

catalog and had ordered six tapes (one of which contained teen and preteen minors engaged in sexually explicit conduct). They also discovered records showing that the tapes had been sent to Burian.

The postal inspectors used the business as an undercover operation. They sent Burian a letter notifying him that the business had new video tapes for sale. Burian responded in a letter stating that he had an interest in sexually explicit material depicting teens and preteens. As a result, the postal inspectors sent Burian a catalog, from which he ordered ten video tapes that were described as depicting teen and preteen activity. When Burian went to the post office to pick up the tapes, he was apprehended by postal inspectors.

Burian was charged in a one count information with knowingly receiving in the mail visual depictions of minor children engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). Burian waived indictment and pled guilty. Burian stipulated as true that he "knowingly received these items through the mail and possessed them, knowing that these video tapes, which he had ordered, contained visual depictions of minors engaged in sexually explicit conduct."

The trial court sentenced Burian to 14 months imprisonment, a fine in the amount of $25,000, a two-year term of supervised release, and a mandatory special assessment of $50. Burian timely appealed, challenging the constitutionality of § 2252.

II.

At Burian's sentencing hearing, he presented a recent Ninth Circuit case holding § 2252(a)(2) unconstitutional.[1] **U.S. v. X-Citement Video**, 982 F.2d 1285 (9th Cir. 1992), **cert. granted**, 127 L.Ed.2d 536, 62 U.S.L.W. 3573 (U.S. 1994). We assume, without deciding, that Burian preserved the issue of the constitutionality of the statute on appeal.[2]

Child pornography statutes must include some element of defendant's scienter. **New York v. Ferber**, 458 U.S. 747, 765, 73 L.Ed.2d 1113 (1982). A statute that outlaws the reckless possession or receipt of child pornography "plainly satisfies the requirement laid down in **Ferber** that prohibitions on child pornography include some element of scienter." **Osborne v. Ohio**, 495 U.S. 103, 115, 109 L.Ed.2d 98 (1990). Burian argues, relying on **X-Citement**, that 18 U.S.C. § 2252(a)(4)(B) is unconstitutional because it does not require knowledge of the performer's minority as an element of the crime it defines.

In **X-Citement**, the Ninth Circuit held that § 2252(a)(2) did not satisfy **Ferber's** knowledge requirement.[3] Relying on its

---

[1] Because **X-Citement** was decided after Burian's guilty plea, he did not have an opportunity to raise the constitutional challenge until his sentencing hearing.

[2] In order for a defendant to preserve an issue for appellate review, he must raise it before the district court. **U.S. v. Villarreal**, 920 F.2d 1218, 1222 (5th Cir. 1991). At his sentencing hearing, Burian stated that he was not moving to declare the relevant statute unconstitutional and that he wished to retain his guilty plea. We have serious doubts that Burian preserved this issue on appeal. Ordinarily, a guilty plea waives all objections, even constitutional ones, unless expressly reserved.

[3] Burian challenges § 2252(a)(4)(B) which states that an offense occurs if a person:
    knowingly possesses 3 or more ... video tapes, or other
    matter which contain any visual depiction that has been

3

earlier decision in **U.S. v. Thomas**, 893 F.2d 1066 (9th Cir.), **cert. denied**, 498 U.S. 826 (1990), the court stated:

> In summary, then, we conclude that the First Amendment ... mandates that a statute prohibiting the distribution, shipping or receipt of child pornography require as an element knowledge of the minority of at least one of the performers who engage in or portray the specific conduct. Section 2252, as authoritatively construed by **Thomas**, does not so require. As a result, section 2252 is unconstitutional on its face ...

**X-Citement**, 982 F.2d at 1292. The court held that the word "knowingly" modified only "receives" and not the rest of the paragraph. Therefore, the statute lacked the required "knowledge" element.

However, the **X-Citement** majority ignored the long-standing rule that federal courts have a duty to interpret statutes in a manner consistent with the Constitution, if such an interpretation is possible. **Edward J. De Bartolo Corp. v. Florida Gulf Coast Building & Constr. Trades Council**, 485 U.S. 568, 575, 99 L.Ed.2d 645 (1988); **U.S. v. 37 Photographs**, 402 U.S. 363, 369-370, 28 L.Ed.2d 822 (1971). As Judge Kozinski pointed out in his dissent in **X-Citement**, the court was bound by constitutional narrowing to interpret § 2252 to require some degree of knowledge of a performer's minority as an element of the offense.

---

mailed ... if--(i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct.
**X-Citement** dealt with § 2252(a)(2) which states that an offense occurs if a person:
knowingly receives, or distributes any visual depiction that has been mailed ... if--(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct.

4

Moreover, this circuit has already interpreted § 2252 as containing as an element that the person receiving or possessing the child pornography has actual knowledge of the performer's minority or is reckless with regard to the performer's age. In **U.S. v. Marchant**, 803 F.2d 174, 177 (5th Cir. 1986), this court at least implicitly required knowledge of a performer's minority as an essential element of the crime. The defendant argued that the evidence was insufficient to establish that he knowingly received child pornography. **Id.** at 176. This court concluded that the evidence was ample to support the verdict that he knew what he received was going to be child pornography. **Id.** at 77. **See also, U.S. v. Rubio**, 834 F.2d 442 (5th Cir. 1987).

Other circuits have also interpreted § 2252 to require some knowledge of a performer's minority. **See, U.S. v. Duncan**, 896 F.2d 271, 278 (7th Cir. 1990) (ample evidence to conclude that defendant ordered and received what he knew to be child pornography); **U.S. v. Brown**, 862 F.2d 1033, 1036 (3d Cir. 1988) (where defendant had received different child pornography than requested, the statute does not require that recipient of child pornography know precise contents of material received, but need only know that material is child pornography); **U.S. v. Garot**, 801 F.2d 1241, 1247 (10th Cir. 1986)(trial court did not abuse its discretion by admitting certain evidence because evidence was relevant to prove the scienter required by § 2252).

Both the First and the Third Circuits recently disagreed with the **X-Citement** decision and held the statute constitutional. **U.S. v. Cochran**, 1994 U.S. App. LEXIS 2455 (3d. Cir. Feb. 2, 1994); **U.S.**

5

**v. Gifford**, 1994 U.S. App. LEXIS 3175 (1st Cir. Feb. 24, 1994)(holding that the "X-Citement opinion is something of a pariah"). Both courts ruled that the word "knowingly" modifies the entire paragraph and imposes a scienter element as to the nature of the visual depictions. **See also, U.S. v. Prytz**, 822 F. Supp. 311, 321 (D.S.C. 1993) (although Ninth Circuit reading is grammatically correct, it is not reasonable nor consistent with courts' obligation to avoid unconstitutionality if possible); **U.S. v. Kempton**, 826 F. Supp. 386, 388-89 (D.Kan. 1993) (same).

The Ninth Circuit majority in **X-Citement** declined to interpret § 2252 in a way that prevents constitutional infirmity. We decline to follow **X-Citement** and choose instead to follow our earlier decisions and those of our sister circuits interpreting the statute to require actual knowledge or reckless disregard of a performer's minority. Because Burian stipulated that he knew that the tapes he possessed depicted minors engaged in sexually explicit conduct, we reject his challenge to the constitutionality of § 2252.

### III.

Burian next argues that the district court erred by failing to grant a two-level reduction to the offense level for acceptance of responsibility. The probation officer recommended this reduction in the presentence investigation report even though Burian had submitted a statement explaining his conduct, in which he claimed he had never been interested in child pornography and had only ordered the tapes because he thought the company would never send them. Burian claimed, in his statement, that he wanted to catch the company in false advertising.

6

At the sentencing hearing, the district court ruled that Burian's statement showed that he had not accepted responsibility. Burian testified that his statement was an attempt to explain his feelings and emotions, not to diminish his responsibility and that perhaps he had made a poor choice of words. The court found that Burian had not carried his burden of proof of clearly demonstrating acceptance of responsibility and denied the two-level decrease in offense level.

The standard of review for a trial court's determination of acceptance of responsibility is more deferential than the clearly erroneous standard. **U.S. v. Pofahl**, 990 F.2d 1456, 1485 (5th Cir.); **cert. denied**, 126 L.Ed.2d 218 (1993). The district court refused to accept Burian's argument at the sentencing hearing that his earlier statement was not an attempt to deny his involvement in knowingly ordering child pornography. Burian's attempt to minimize or deny his involvement in the offense supports the district court's refusal to grant a two level reduction for acceptance of responsibility. **U.S. v. Watson**, 988 F.2d 544, 551 (5th Cir. 1993), **cert. denied**, 126 L.Ed.2d 665 (1994). The district court did not clearly err in refusing to decrease Burian's offense level.

AFFIRMED.