646 So.2d 309 (1994)
STATE of Louisiana
v.
Dino CINEL.
No. 94-KA-0942.
Supreme Court of Louisiana.
November 30, 1994.
Rehearing Denied January 26, 1995.
*311 Richard P. Ieyoub, Atty. Gen., Harry F. Connick, Dist. Atty., Valentin M. Solino, New Orleans, for applicant.
Edwin A. Stoutz, Jr., Stoutz & Charbonnet, New Orleans, Franz L. Zibilich, Lee, Martiny & Caracci, Metairie, for respondent.
Dino Cinel, pro se.
WILLIAM NORRIS, III, Justice Pro Tempore[1].
The State appeals a District Court judgment declaring unconstitutional the pornography involving juveniles statute, La.R.S. 14:81.1. The District Court, in oral reasons, rejected the whole statute on the basis that subsection 81.1 D, which excludes lack of knowledge of the performer's age as a defense, infringed on free speech rights protected by the First Amendment. For the reasons expressed, we find that while subsection 81.1 A(3) properly requires scienter of the performer's minority, subsection 81.1 D impermissibly removes this requirement. Subsection 81.1 D is, however, severable and the District Court erred in invalidating the entire statute on its face. We remand the case for further proceedings consistent with this opinion.

Factual and procedural background
Dino Cinel, at the time a Roman Catholic priest, was charged by bill of information alleging that on December 29, 1988, he "did violate La.R.S. 14:81.1 A(3), in that the said DINO CINEL possessed various photographs, films, video tapes, or the visual reproductions of sexual performances involving children under the age of seventeen (17) years old." After his first motion to quash, alleging breach of a police officer's promise not to prosecute, was overruled by the Court of Appeal,[2] Cinel filed the instant motion to *312 quash on February 7, 1994, urging the statute is unconstitutional for violating the First Amendment's guarantee of free speech. The motion was argued on March 2; two days later, the District Court rendered oral judgment granting the motion to quash. The State has appealed the declaration of unconstitutionality. La. Const. art. 5, § 5(D).
The portion of the statute under which Cinel was charged provides as follows:
§ 81.1. Pornography involving juveniles
A. Pornography involving juveniles is any of the following:
* * * * * *
(3) The intentional possession, sale, distribution, or possession with intent to sell or distribute of any photographs, films, videotapes, or other visual reproductions of any sexual performance involving a child under the age of seventeen.
* * * * * *
D. Lack of knowledge of the juvenile's age shall not be a defense.
The crime carries as penalty a minimum of two years, and a maximum of ten years, at hard labor without benefit of parole, probation or suspension of sentence, and a maximum fine of $10,000. R.S. 14:81.1 E.

First Amendment overbreadth doctrine
The First Amendment doctrine of substantial overbreadth is an exception to the general rule that a person to whom a statute may be constitutionally applied cannot challenge the statute on the ground that it may be unconstitutionally applied to others. Massachusetts v. Oakes, 491 U.S. 576, 581, 109 S.Ct. 2633, 2637, 105 L.Ed.2d 493 (1989). Overbreadth doctrine has wide-ranging effects, for a statute found to be substantially overbroad is subject to facial invalidation. It is strong medicine, to be applied sparingly and only as a last resort. Broadrick v. Oklahoma, 413 U.S. 601, 613, 93 S.Ct. 2908, 2916, 37 L.Ed.2d 830 (1973). The scope of the doctrine must be carefully tied to the circumstances in which the facial invalidation is truly warranted. Id. The overbreadth involved must be "substantial" before the statute involved will be invalidated on its face. Id., 413 U.S. at 615, 93 S.Ct. at 2918.
When a court is dealing with a federal statute challenged as overbroad, it should, of course, construe the statute to avoid constitutional problems, if the statute is subject to such a limiting construction. New York v. Ferber, 458 U.S. 747, 769, 102 S.Ct. 3348, 3361, 73 L.Ed.2d 1113 (1982), and citations therein at fn. 24. Further, if the statute is not subject to a narrowing construction and is impermissibly overbroad, it nevertheless should not be struck down on its face; if it is severable, only the unconstitutional portion is to be invalidated. United States v. Thirty-seven Photographs, 402 U.S. 363, 91 S.Ct. 1400, 28 L.Ed.2d 822 (1971). A state court should also deal with a state statute in the same way. If the invalid reach of the law is cured, there is no longer reason for proscribing the statute's application to unprotected conduct. New York v. Ferber, at fn. 24. In other words, when a state court is dealing with a state statute challenge of overbreadth, it should construe the statute to avoid constitutional problems if the statute is subject to such a limiting construction, and this construction is binding on the federal court. Id.

First Amendment free speech jurisprudence
In general, the states may not pass laws restricting free speech. U.S. Const. amends. 1, 14. The Supreme Court of the United States, however, has recognized that certain forms of speech fall outside the First Amendment's protection:
There are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which have never been thought to raise any Constitutional problem. These include the lewd and obscene * * *. It has been well observed that such utterances are no essential part of any exposition of ideas, and are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality.
Chaplinsky v. New Hampshire, 315 U.S. 568, 571-572, 62 S.Ct. 766, 769, 86 L.Ed. 1031 (1942).
*313 Later, in Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), the court squarely held that obscenity was not constitutionally protected speech. Incipiently noting the special problem of obscenity and children, the court in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), held that states have a "legitimate interest in prohibiting dissemination or exhibition of obscene material when the mode of dissemination carries with it a significant danger of offending the sensibilities of unwilling recipients or of exposure to juveniles" (emphasis added). Id., 413 U.S. at 18-19, 93 S.Ct. at 2612. The Miller court expounded the now-familiar definition of obscenity.[3]
Next, in New York v. Ferber, supra, the court recognized the growing body of evidence available to state legislatures, linking child pornography with physiological, emotional and mental health problems in children. 458 U.S. at 756-763, 102 S.Ct. at 3354-3358. The court therefore found that the states are entitled to "greater leeway" in the regulation of pornographic depictions of children than in general obscenity cases and held that child pornography may be "consider[ed] * * * without the protection of the First Amendment." 458 U.S. at 756, 764, 102 S.Ct. at 3354, 3358. Specifically, the court announced the test for statutes that restrict visual depictions of sexual conduct by children below a certain age:
A trier of fact need not find that the material appeals to the prurient interest of the average person; it is not required that sexual conduct portrayed be done so in a patently offensive manner; and the material at issue need not be considered as a whole.
458 U.S. at 764, 102 S.Ct. at 3358.
The court further held, pertinently to the instant case, that as with obscenity laws, criminal responsibility may not be imposed without some element of scienter on the part of the defendant. Id., citing Smith v. California, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959). In other words, to pass constitutional muster, a child pornography statute must require scienter (the Latin word for "knowingly"), some degree of guilty knowledge, on the part of the defendant; however, the court did not specify the dimensions of the requisite scienter. See also United States v. Burian, 19 F.3d 188, 191 (5th Cir. 1994); United States v. X-Citement Video Inc., 982 F.2d 1285, 1291 (9th Cir.1992).
Most recently, in Osborne v. Ohio, 495 U.S. 103, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990), the defendant challenged, on various constitutional grounds, an Ohio statute that made it illegal for any person to "[p]ossess or view any material or performance that shows a minor who is not the person's child or ward in a state of nudity[.]" Ohio Rev.C.Ann. § 2907.323(A)(3) (Supp.1989). A plain reading of the statute showed that scienter was not stated as an element of the offense. The Supreme Court, however, held that even though the statute did not specify the requisite mental state, this was "cured by another law that plainly satisfies the requirement laid down in Ferber that prohibitions on child pornography include some element of scienter." Id., 495 U.S. at 115, 110 S.Ct. at 1699. The court thus held that states may prohibit the simple possession of child pornography.
In general the imposition of criminal liability requires knowledge of the fact that separates lawful from unlawful conduct. Liparota v. United States, 471 U.S. 419, 425, 105 S.Ct. 2084, 2088, 85 L.Ed.2d 434 (1985). Whenever it is possible, courts have the duty to interpret statutes in a manner consistent with the Constitution. United States v. Burian, supra, citing Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg. & Const. Trades Council, 485 U.S. 568, 575, 108 S.Ct. 1392, 1397-1398, 99 L.Ed.2d 645 (1988), and United States v. 37 Photographs, 402 U.S. 363, 369-370, 91 S.Ct. 1400, 1404-1405, 28 L.Ed.2d 822 (1971). See also Osborne v. Ohio, supra.
The federal Courts of Appeals, facing challenges to a federal law that criminalizes the possession of material involving the sexual *314 exploitation of minors, 18 U.S.C. § 2252, have almost uniformly read scienter into the statute. See, e.g., United States v. Burian, supra ("actual knowledge or reckless disregard of a performer's minority"); United States v. Gifford, 17 F.3d 462 (1st Cir.1994) ("the government must prove that the defendant knew the character of the visual depictions as depicting a minor engaging in sexually explicit conduct"); United States v. Brown, 862 F.2d 1033 (3d Cir.1988) ("the recipient need only know that the material he receives is child pornography"). The opposite view is taken in United States v. X-Citement Video Inc., supra; it holds § 2252 unconstitutional for failure to require the government to prove that defendant knew that the performers were minors. The X-Citement opinion, however, carries an incisive and cogent dissent, 982 F.2d at 1292, 1296 (op. of Kozinski, J.); has been criticized by the other courts, see, e.g., United States v. Burian, supra, United States v. Cochran, 17 F.3d 56 (3d Cir.1994), and United States v. Gifford, supra; and it is currently under consideration by the United States Supreme Court, ___ U.S. ___, 114 S.Ct. 1186, 127 L.Ed.2d 536 (1994).
Louisiana law and jurisprudence
Louisiana law defines criminal conduct as:
(1) An act or failure to act that produces criminal consequences, and which is combined with criminal intent; or
(2) A mere act or failure to act that produces criminal consequences, where there is no requirement of criminal intent; or
(3) Criminal negligence that produces criminal consequences.
La.R.S. 14:8 (emphasis added).
General criminal intent is present when the circumstances of the crime indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act. La.R.S. 14:10(2); State v. Elzie, 343 So.2d 712 (La.1977).
This court has frequently interpreted statutes which on their face are silent as to any requirement of intent or scienter, to impose in fact a requirement of intent, guilty knowledge or scienter (the cases use these terms interchangeably). See, e.g., State v. Johnson, 228 La. 317, 82 So.2d 24 (1955) (possession of marijuana); State v. Roufa, 241 La. 474, 129 So.2d 743 (1961) (the obscenity statute); and State v. Phillips, 412 So.2d 1061 (La.1982) (contributing to the delinquency of a juvenile).[4] In the absence of qualifying provisions, the terms "intent" and "intentional" refer to general criminal intent. La.R.S. 14:11; State v. Banks, 307 So.2d 594, 596 (La.1975).
Louisiana law also provides for the severability of acts. Unless a law specifically provides otherwise, each provision of an act or law is severable. La.R.S. 24:175 further provides:
If any provision or item of an act, or the application thereof, is held invalid, such invalidity shall not affect other provisions, items or applications of the act which can be given effect without the invalid provision, item, or application.
Severability is therefore authorized unless the unconstitutional portions of the statute are so interrelated and connected with the constitutional parts that they cannot be separated without destroying the intention manifested by the legislature in passing the act. State v. Azar, 539 So.2d 1222 (La.1989), citing Cobb v. Louisiana Board of Institutions, 237 La. 315, 111 So.2d 126 (1958). In State v. Johnson, 343 So.2d 705 (La.1977), we stated that the test of severability is "whether or not the legislature would have passed the statute had it been presented with the invalid features removed." 343 So.2d at 708, quoting 2 Sutherland, Statutes & Statutory Construction, § 44.04 (Sands 4th ed. 1973). Until *315 its 1983 amendment, the legislative acts enacting and amending R.S. 14:81.1 specifically included a severability clause. La.Acts 1977, No. 97, § 4; La.Acts 1981, No. 502, § 2. The clause was likely deemed unnecessary in subsequent amendments after the enactment of the general severability statute, R.S. 24:175 by La.Acts 1982, No. 132.
When a court can reasonably do so, it must construe a statute so as to preserve its constitutionality. Moore v. Roemer, 567 So.2d 75, 78 (La.1990), citing State v. Newton, 328 So.2d 110 (La.1976).

Discussion
At the outset we address the scope of Cinel's "overbreadth" attack on the statute. Cinel was charged under § 81.1 A(3), intentional possession of various photographs, films, video tapes or other visual representations of sexual performances involving children under the age of 17, but the District Court struck down the statute in its entirety. At the hearing in the District Court, counsel for Cinel emphatically denied that he was challenging the definition of sexual conduct for overbreadth or vagueness; in fact, the definition in § 81.1 B(3) is identical to that upheld in New York v. Ferber, supra. This aspect of the overbreadth argument is patently meritless.
Next, in brief to this court Cinel again concedes that the doctrines of overbreadth and vagueness should be sparingly applied. Brief, 6; see also Massachusetts v. Oakes, supra. It is significant that Cinel actually limits his overbreadth challenge to subsection 81.1 A(3); he was charged under this subsection only, and in the trial court he neither showed nor attempted to show substantial overbreadth with regard to subsections A(1), (2) or (4),[5] as is required to invoke the doctrine. See Broadrick v. Oklahoma, 413 U.S. at 615-616, 93 S.Ct. at 2917-2918. In fact, a litigant charging substantial overbreadth must "demonstrate from the text of [the challenged law] and from actual fact that a substantial number of instances exist in which the Law cannot be applied constitutionally." New York State Club Ass'n v. City of New York, 487 U.S. 1, 14, 108 S.Ct. 2225, 2234, 101 L.Ed.2d 1 (1988). In the First Amendment context, this would require a showing of a realistic danger that the statute will significantly compromise recognized First Amendment protections of persons not before the court. Members of City Council of City of Los Angeles v. Taxpayers for Vincent, 466 U.S. 789, 801, 104 S.Ct. 2118, 2126, 80 L.Ed.2d 772 (1984). Cinel has made no such demonstration; his unsupported allegations in brief are insufficient to sustain the District Court's apparent conclusion that subsections 81.1 A(1), (2) or (4) are overbroad. We have therefore viewed the issue as whether subsection 81.1 A(3), as modified by subsection 81.1 D, impermissibly infringes on First Amendment rights of free expression.
The State contends on appeal that subsection 81.1A(3) does indeed impose a requirement of scienter and the District Court was wrong to void a valid statute. Cinel urges that the subsection lacks this requirement and is therefore unconstitutional. The subsection clearly states at the outset: "The intentional possession, sale [of *316 materials depicting] any sexual performance involving a child under the age of seventeen" (emphasis added). Cinel correctly notes that the word "intentional" was inserted only in 1986 (La.Acts 1986, No. 777), with the addition of possession as an element of the offense, and contends that intent applies to possession only, and not to knowledge that any performers involved were under the age of 17. The State concedes that as a matter of practical application, prosecutors would always have to prove, beyond a reasonable doubt, each element of the offense, including knowledge of minority. Cinel counters that a matter this important should not be left to prosecutorial discretion.
We conclude that not only practical considerations but a fair interpretation of § 81.1A(3) imposes on the State the burden of proving scienter or general criminal intent as to every essential element of the offense. The conduct here proscribedthe possession, sale, distribution, or possession with intent to sell or distribute, of materials that are not necessarily obscene but depict children under the age of 17 engaging in sexual conductwould not be criminal conduct but for the fact that the materials depict children under the age of 17. Thus it seems obvious that the intent required to convict under this subsection is general criminal intent to possess materials depicting sexual performances involving a person or persons under the age of 17, and knowledge that one or more of the performers involved in the materials was under the age of 17 when the materials were made.[6] If after proving that Cinel intentionally possessed photographs, the State failed to prove that he knew or should have known they depicted juvenile pornography, the evidence would be insufficient to convict. See State v. Phillips, supra; Liparota v. United States, supra.
Moreover, the legislative history of subsection 81.1A(3), though sparse, suggests that the purpose was to apply "intentional" to each element of the offense. The sponsor of the 1986 amendment, Rep. Laborde, stated both to the House Committee on the Administration of Criminal Justice and to the Senate Committee on the Judiciary that the amendment would criminalize "the intentional possession of pornography involving juveniles." House Comm. on Adm.Cr.Just., 6/5/86, Senate Comm. Judiciary, 6/24/86. These references strongly suggest a legislative aim to make "intentional" apply to the nature of the materials, and not just to possession; as such, they undermine Cinel's contention that only possession need be intentional.
Finally, in the sensitive area of First Amendment expression, criminal laws must include "some element of scienter." New York v. Ferber, supra. If the application of "intentional" to every element of the offense was doubtful, First Amendment considerations would require us to supply it. This court usually supplies general criminal intent in doubtful cases. See State v. Johnson, supra; State v. Roufa, supra; State v. Phillips, supra. Such an application is warranted in the instant case, as it is inconceivable that the legislature would intend to eschew constitutional protection in an area where effective regulation is paramount.
In sum, subsection 81.1A(3) is a valid restriction on free speech rights; it contains the necessary requirement of scienter and is not constitutionally overbroad.
This conclusion, however, does not end the analysis. The District Court threw out the entire statute because of subsection 81.1D, which provides that lack of knowledge of the juvenile's age shall not be a defense. Cinel argued, and the court readily accepted, that this provision creates an unconstitutional presumption relieving the State of proving the defendant knew or must have known that the persons depicted in the materials were under the age of 17. The State argues, less emphatically, that this provision merely means that a defendant may not assert his lack of knowledge of the performer's specific age as a defense; cites the provisions of *317 § 81.1G[7] as relevant to determining the performer's age; and finally concedes that if § 81.1D creates an impermissible presumption, it should be severed and the unoffending portions of the statute left intact. La. R.S. 24:175; State v. Azar, supra.
We are constrained to find that this subsection does indeed create an impermissible presumption in favor of the State. First Amendment and overbreadth considerations have bound us to interpret § 81.1A(3) to require proof of intent or scienter that at least one performer involved was under the age of 17. New York v. Ferber, supra; Osborne v. Ohio, supra. This entails proof, in every instance, that the offender intended to possess materials that he knew or should have known depicted sexual performances of a child under the age of 17. See also United States v. Burian, 19 F.3d at 191. Subsection D relieves the State of proving this essential element of the offense or negates the necessity of proving scienter as to minority. Thus it undermines the constitutional interpretation of subsection A(3).
We are not persuaded by the State's reference to § 81.1G in support of its argument. By its own terms, § 81.1G addresses only what the trier of fact may consider in determining the performer's age, and in no way imposes on the State the duty of proving what the defendant knew or should have known. Under the proper analysis of § 81.1A(3), whereby the State must prove general criminal intent, these factors will be relevant both to the State's case in chief and the accused's defense. However, § 81.1G does not salvage § 81.1D.
The District Court was not wrong to find § 81.1D unconstitutional. This conclusion, however, does not justify striking the whole statute. Whenever possible, only the unconstitutional part should be stricken. Subsection 81.1D is unconstitutional as applied to 81.1A(3) because it relieves the State of proving scienter as to minority. Subsection 81.1D, however, is not so interrelated or connected with 81.1A(3) that severing it would frustrate the purpose of the statute. La.R.S. 24:175; State v. Azar, supra. The 1986 amendment added general criminal intent to subsection 81.1A(3), while the prior statute precluded lack of knowledge as a defense; this is equivalent to passing 81.1A(3) without the invalid provisions of 81.1D. State v. Johnson, supra, 343 So.2d 705. The apparent legislative intent, in this evolving area of the law, was to regulate child pornography to the fullest extent possible; the intent is better served by enforcing subsection 81.1A(3). Subsection 81.1D meets the criteria for severance and we strike it from the statute.
We therefore conclude that R.S. 14:81.1, as properly construed and with subsection D severed, is not overbroad or unconstitutional. Since Cinel was charged under a valid portion of the statute as properly construed, the case is remanded to the District Court for further proceedings consistent with this opinion.

The sentence challenge
Finally, Cinel urged the District Court, and urges this court in brief, to strike the penalty provision as cruel and unusual punishment in violation of the Eighth Amendment. He did not, however, argue *318 this point below and the District Court did not address it; the State argues the issue is not yet ripe for review. The State is correct; this court will not review the sentence challenge of a defendant who has not yet been convicted or sentenced. State v. Neal, 500 So.2d 374, 379 (La.1987). The argument can be reasserted at a later time.

Conclusion
For the reasons expressed, the judgment of the District Court quashing the bill of information is reversed. Cinel's showing of the invalid reach of R.S. 14:81.1 is cured by proper interpretation and by severing subsection D. The District Court was wrong to declare the statute unconstitutional in its entirety. On remand, the District Court and the litigants will proceed in accordance with this opinion.
REVERSED AND REMANDED.
NOTES
[1] Judge William Norris, III, Court of Appeal, Second Circuit, sitting by assignment in place of Justice James L. Dennis; Judge Felicia Toney Williams, Court of Appeal, Second Circuit, participating as Associate Justice Pro Tempore, effective September 1, 1994.

Hall, J., not on panel. Rule IV, Part 2, § 3.
[2] See State v. Cinel, 619 So.2d 770 (La.App. 4th Cir.), writ denied 629 So.2d 369 (1993).
[3] States may regulate works which "taken as a whole, appeal to the prurient interest in sex, which portray sexual conduct in a patently offensive way, and which, taken as a whole, do not have serious literary, artistic, political, or scientific value." 413 U.S. at 24, 93 S.Ct. at 2615.
[4] In State v. Terrell, 352 So.2d 220 (La.1977), we declined to supply a requirement of intent to a prosecution under La.R.S. 47:107, failure to file a tax return timely. It should be observed that the offense involved was what is often referred to as a "civil offense," which does not conceptually require guilty knowledge. See Baker, "Work of the Appellate Courts1977-1978: Criminal Law," 39 La.L.Rev. 771, 775 (1979), citing Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952).
[5] The remainder of the subsection provides:

A. Pornography involving juveniles is any of the following:
(1) The photographing, videotaping, filming, or otherwise reproducing visually of any sexual performance involving a child under the age of seventeen.
(2) The solicitation, promotion, or coercion of any child under the age of seventeen for the purpose of photographing, videotaping, filming, or otherwise reproducing visually any sexual performance involving a child under the age of seventeen.
* * * * * *
(4) The consent of a parent, legal guardian, or custodian of a child under the age of seventeen for the purpose of photographing, videotaping, filming, or otherwise reproducing visually any sexual performance involving the child.
We also note that these subsections appear more directly to regulate conduct than pure, protected free speech; as such, their application to the overbreadth doctrine is "attenuated." Broadrick v. Oklahoma, 413 U.S. at 615, 93 S.Ct. at 2917.
[6] The legislative history of the corresponding federal statute, 18 U.S.C. § 2252, makes it clear that under federal law liability attaches only if the offender (who transports, ships, receives, distributes, sells or possesses such materials) knew the performer was a minor. See 123 Cong.Rec. 33,050 (testimony of Sen. Roth), 30,935 (testimony of Rep. Jeffords) (1977).
[7] This subsection provides:

G. In prosecutions for violations of this Section, the trier of fact may determine, utilizing the following factors, whether or not the person displayed or depicted in any photograph, videotape, film, or other video reproduction introduced into evidence was under the age of seventeen years at the time of filming or recording:
(1) The general body growth, bone structure, and bone development of the person.
(2) The development of pubic or body hair on the person.
(3) The development of the person's sexual organs.
(4) The context in which the person is placed or the age attributed to the person in any accompanying video, printed, or text material.
(5) Available expert testimony and opinion as to the chronological age or degree of physical or mental maturity or development of the person.
(6) Such other information, factors, and evidence available to the trier of fact which the court determines is probative and reasonably reliable.
This subsection was added by La.Acts 1992, No. 305, and took effect nearly four years after the offense for which Cinel was charged.