# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #036

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **29th day of June, 2016**, are as follows:

**BY CRICHTON, J.**:

2015-KA-2163    STATE OF LOUISIANA v. DOMINICK SIMS (Parish of E. Baton Rouge)
(Trafficking of Children for Sexual Purposes)

For the reasons set forth herein, we reverse and vacate the judgment of the district court and find that R.S. 14:46.3(C)(2) is constitutional, specifically finding that the provisions of R.S. 14:46.3(C)(2) are clear and unambiguous and do not conflict with R.S. 14:46.3(A)(1). The matter is remanded to the district court for further proceedings consistent with this opinion. REVERSED AND REMANDED. REVERSED.

HUGHES, J., dissents with reasons.

SUPREME COURT OF LOUISIANA

No. 2015-KA-2163

STATE OF LOUISIANA

VERSUS

DOMINICK SIMS

ON APPEAL
FROM THE NINETEENTH JUDICIAL DISTRICT COURT,
FOR THE PARISH OF EAST BATON ROUGE


**CRICHTON, Justice.**

This matter arises from the defendant's constitutional challenge to R.S. 14:46.3, a statute which makes illegal the trafficking of children for sexual purposes. The defendant challenges R.S. 14:46.3(C)(2), which provides that a defendant's lack of knowledge of a victim's age shall not be a defense to charges under this statute. The case is now on direct review pursuant to La. Const. art. V, § 5(D), because the trial court ruled unconstitutional R.S. 14:46.3(C)(2). For the reasons set forth herein, we reverse and vacate the judgment of the district court and conclude that R.S. 14:46.3 is constitutional, specifically finding that the provisions of R.S. 14:46.3(C)(2) are clear and unambiguous and do not conflict with R.S. 14:46.3(A)(1).

## BACKGROUND

In March 2014, the state charged defendant Dominick Sims by bill of information with one felony count of trafficking of children for sexual purposes, in violation of R.S. 14:46.3. During the course of pretrial proceedings, defendant filed a motion to quash, challenging the constitutionality of R.S. 14:46.3. Defendant asserted that the statute is contradictory, vague, ambiguous, and indefinite so as to deny her due process and violate her right to be informed of the

nature and cause of the charges against her, because, according to defendant, it criminalizes the knowing trafficking of juveniles for sexual purposes while simultaneously precluding a defendant from asserting lack of knowledge of the victim's age as a defense.[1]

The trial court granted the motion to quash and declared R.S. 14:46.3 unconstitutional, stating, in pertinent part:

> [T]he court finds [] subpart C(2) to be unconstitutional. It is clear that these two sections are contradictory. How can the State prohibit a defendant from knowingly committing a criminal act and, at the same time, not be required to prove defendant's knowledge of an essential element of the crime – that being the age of the victim? These two sections are logically antagonistic and irreconcilable.
>
> This finding however does not mean that the entire statute should be declared invalid. Louisiana law recognizes that, unless specifically provided otherwise, each provision of an act or law is severable. . . . Consequently, the court only strikes subsection C(2) as unconstitutional. No other parts of this statute shall be affected by this ruling.

The state, represented by the Attorney General[2], now appeals that ruling to this Court, arguing that the district court erred when it found R.S. 14:46.3(C)(2) unconstitutional. The inquiry is limited to the grounds on which the district court based its declaration of unconstitutionality. *See State v. Verret*, 87 So. 2d 297, 298 (1956) ("[O]ur inquiry is limited to the specific issue on which the declaration of unconstitutionality was predicated."). Accordingly, the issue herein is whether the district court was correct in declaring that R.S. 14:46.3(C)(2)'s prohibition on

---

[1] Defendant's motion to quash referred to the Fifth Amendment right to due process and the Sixth Amendment right to be informed of the nature of the accusation. However, defendant appears to have confused the origins of her rights to due process in these state proceedings, which derive from the Fourteenth Amendment to the United States Constitution, not the Fifth or Sixth Amendments. *See McDonald v. City of Chicago*, 561 U.S. 742, 759 (2010) (explaining origins of due process rights). The distinction is immaterial for our purposes, given that the Fourteenth Amendment due process clause fully incorporates the rights contained in the first eight amendments. *Id.* at 763.

[2] The Office of the Attorney General has a discretionary right to respond to a constitutional challenge and represent the state with respect to that challenge. La. R.S. 49:257(C); La. R.S. 13:4448; La. C.Cr.P. art. 62(B).

using lack of knowledge of the victim's age as a defense to prosecution irreconcilably conflicts with R.S. 14:46.3(A)(1)'s knowledge requirement.

**RELEVANT LAW**

The constitutional guarantee that an accused shall be informed of the nature of the accusation against him requires that penal statutes describe unlawful conduct with sufficient particularity and clarity that ordinary persons of reasonable intelligence are capable of discerning their meaning and conforming their conduct thereto. U.S. Const. amend. XIV, § 1; La. Const. art. I, §§ 2, 13. *See*, *e.g.*, *State v. Azar,* 539 So. 2d 1222, 1224 (La. 1989), *cert denied,* 493 U.S. 823 (1989). Statutes are presumed constitutional and should be upheld "whenever possible." *State v. Griffin*, 495 So. 2d 1306, 1308 (La. 1986). Moreover, a facial constitutional challenge – such as the challenge made by the defendant herein – seeks more drastic relief than an as-applied challenge. *LaPointe v. Vermilion Parish School Bd.*, 15-0432, p.10 (La. 6/30/15), 173 So. 3d 1152, 1159-60. The movant in a facial challenge therefore bears an especially heavy burden and must establish that "no set of circumstances exists under which the statute would be valid, that is, that the law is unconstitutional in all its applications." *Id.*

With respect to the criminal law, the legislature has sole authority to define criminal conduct and provide penalties for such conduct. La. Const. art. III, § 1; *State v. Dorthey*, 623 So. 2d 1276, 1278 (La. 1993); *see also* R.S. 14:8(2); R.S. 14:11. In reviewing and interpreting Louisiana criminal statutes, the Court's aim is to "promote justice and to effect the objects of the law" by giving all provisions "a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision." R.S. 14:3. When this Court reviews constitutional challenges to

3

statutes, the standard of review is *de novo*. *State v. Eberhardt*, 13-2306 (La. 7/01/14), 145 So. 3d 377, 380.[3]

Although strict liability criminal offenses are generally disfavored, this Court has recognized a legislature's authority to exclude the element of knowledge or intent in defining a criminal offense. *See State v. Granier*, 99-3511, pp. 3-4 (La. 7/6/00), 765 So. 2d 998, 1000-01 ("While offenses that dispose of a scienter requirement are not favored, the United States Supreme Court has noted that the legislatures' authority to define a criminal offense includes the power to 'exclude elements of knowledge and diligence from its definition.'") (quoting *Lambert v. California*, 355 U.S. 225, 228 (1958)). Courts have often dispensed with the knowledge requirement in cases where the underlying conduct, irrespective of knowledge of any particular characteristic of the victim, is illegal. *See*, *e.g.*, *Liparota v. United States*, 471 U.S. 419, 425 (1985) (it is appropriate to interpret statutes in a way that does not criminalize "a broad range of apparently innocent conduct").[4]

More specifically, deviation from the general preference for a mens rea requirement is not unusual in the realm of offenses involving juveniles. *See*, *e.g.*, *Morissette v. United States*, 342 U.S. 246, 251 n.8 (1952) ("Exceptions [to mens rea] came to include sex offenses, such as rape, in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached age of consent."). Indeed, the United States Supreme Court has expressly

---

[3] The Court has articulated the means of challenging the constitutionality of a statute as three-pronged: First, a party must raise the claim in the district court; second, the unconstitutionality of the statute must be specially pleaded; and third, the grounds must be particularized. *State v. Hatton*, 07-2377, p. 14-15 (La. 7/1/08), 985 So. 2d 709, 719. Because defendant specifically pleaded the unconstitutionality of R.S. 14:46.3 in the district court and particularized grounds in her motion to quash and at the hearing on the motion, the issue is squarely before the Court.

[4] *See also generally* Heather C. Gregorio, *More Than "Johns," Less Than Traffickers: In Search of Just and Proportional Sanctions for Buyers of Sex with Trafficking Victims*, 90 N.Y.U. L. Rev. 626, 668 (2015) (noting, *inter alia*, that strict liability offenses for crimes involving juvenile victims of trafficking are appropriate because the john "already knows that he is committing an illegal act by soliciting prostitution").

4

recognized that "such crimes as statutory rape and public welfare offenses" often dispense with mens rea requirements. *Dean v. United States*, 556 U.S. 568, 580 (2009). *See also United States v. Copeland*, -- F. 3d -- (5th Cir. 5/2/16), 2016 WL 1741616, at *3 (recognizing that reducing the government's burden of proof in crimes involving juvenile victims "makes sense as Congressional choice not only because of the severe victimhood of children in these offenses, as well as the impracticality of proving knowledge of a minor's age, but also because the offense separately still requires the Government to prove beyond a reasonable doubt a defendant's knowing involvement in a commercial sex act."). Consistent with these Supreme Court holdings, this Court previously upheld statutes without mens rea requirements in cases involving the law prohibiting carnal knowledge of a juvenile, *Granier*, 99-3511, 765 So. 2d at 1001, the crime of contributing to the delinquency of a juvenile, *State v. Elias*, 357 So. 2d 275, 278 (La. 1978), *overruled on other grounds by State v. Bosworth*, 373 So. 2d 152 (La. 1979), and a law prohibiting possession with intent to distribute narcotics within 1,000 feet of a school, *State v. Brown*, 94-1290, pp.7-8 (La. 1/17/95), 648 So. 2d 872, 876-78.

### DISCUSSION

With these broad principles in mind, we turn to the language of the statute at issue here. Revised Statute 1446.3, entitled "Trafficking of children for sexual purposes," specifically provides:

> A. It shall be unlawful:
>
> > (1) For any person to **knowingly** recruit, harbor, transport, provide, sell, purchase, receive, isolate, entice, obtain, or maintain the use of a person under the age of eighteen years for the purpose of engaging in commercial sexual activity….
>
> C. . . .
>
> > (2) **Lack of knowledge** of the victim's age shall not be a defense to a prosecution pursuant to the provisions of this Section.

5

R.S. 14:46.3 (emphasis added).[5]

The defendant argues that R.S. 14:46.3(C)(2) is unconstitutionally contradictory, vague, ambiguous, and indefinite so as to deny her due process rights and the right to be informed of the nature of the accusation against her. The heart of this argument rests with the meaning of the word "knowingly" in R.S. 14:46.3(A)(1), which, according to the defendant, requires proof of intent for each element of the crime, including the victim's age. As a result, defendant argues, the provision in R.S. 14:46.3(C)(2) precluding the use of lack of knowledge as a defense renders the entire statute vague. In other words, she asserts that R.S. 14:46.3(C)(2) makes the "recruitment, harboring, transporting, providing, selling, purchasing, receiving, isolating, enticing, obtaining, or maintaining" the use of a person for the purpose of engaging in commercial sexual activity a strict liability crime, which conflicts with the mens rea requirement of R.S. 14:46.3(A)(1).

We first find that this statute is not at all unconstitutionally contradictory, vague, ambiguous, or indefinite. R.S. 14:46.3(C)(2) could not be more clear: "Lack of knowledge of the victim's age shall not be a defense to a prosecution pursuant to the provisions of this Section." This sentence plainly modifies the term "knowingly" in R.S. 14:46.3(A)(1), removing any doubt regarding the requirement of knowledge of the victim's age. To explain this result, we begin with the familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself. *See*, *e.g.*, *State v. Fussell*, 06-2595, p.13 (La. 1/16/08), 974 So. 2d 1223, 1231. A central tenet of statutory construction is that we read the statute as a whole, to effectuate its purpose. *Id.*

In discerning precisely how "knowingly" applies to the instant statute, the Court should interpret the language "as we normally speak it" and attribute to the

---

[5] R.S. 14:46.3(G) states: "If any Subsection, Paragraph, Subparagraph, Item, sentence, clause, phrase, or word of this Section is for any reason held to be invalid, unlawful, or unconstitutional, such decision shall not affect the validity of the remaining portions of this Section."

words their "everyday meaning." *Watson v. United States*, 552 U.S. 74, 79 (2007). *See also* R.S. 1:3 ("Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language."); R.S. 14:3 (criminal statutes must be given "a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context"). The word "knowingly," as used in R.S. 14:46.3(A)(1), is an adverb, and common usage makes clear that an adverb modifies the verbs that come after it – "recruit, harbor, transport, provide, sell, purchase, receive, isolate, entice, obtain, or maintain the use of a person . . . ." However, "knowingly" does not also modify the dependent clause "under the age of eighteen years of age" that comes after, and modifies, the noun "person." *See*, *e.g.*, *United States v. Jones*, 471 F.3d 535, 539 (4th Cir. 2006) ("Adverbs generally modify verbs, and the thought that they would typically modify the infinite hereafters of statutory sentences would cause grammarians to recoil.") (Wilkinson, J.).

Our interpretation is in accord with federal appellate court interpretations of 18 U.S.C. § 2423, a statute that criminalizes the transportation of minors across state lines for the purpose of engaging in prostitution or any sexual activity for which any person can be charged with a criminal offense.[6] The statute states, in pertinent part: "A person who ***knowingly transports*** an individual who has not attained the age of 18 years in interstate or foreign commerce . . ., with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense. . . ." 18 U.S.C. § 2423(a) (emphasis added). Federal appellate courts have found that 18 U.S.C. § 2423 does not require proof that the defendant knew the victim was under 18, despite the use of the term "knowingly." *See*, *e.g.*, *United States v. Taylor*, 239 F.3d 994, 996-97 (9th Cir.

---

[6] When interpreting state laws, it is appropriate to consider interpretations of similar federal statutes, though such interpretations are, of course, not binding on this Court. *See*, *e.g.*, *King v. Phelps Dunbar L.L.P.*, 98-1805, p.7 (La. 6/4/99), 743 So. 2d 181, 187.

2001) ("A more natural reading of the statute . . . is that the requirement of knowledge applies to the defendant's conduct of transporting the person rather than to the age of the person transported."); *United States v. Cox*, 577 F.3d 833, 837 (7th Cir. 2009) ("The only reasonable reading . . . is one under which the adverb 'knowingly' acts only on the verb 'transports' and not on the noun 'individual'"); *Jones*, 471 F.3d at 539 ("It is clear from the grammatical structure of § 2423(a) that the adverb 'knowingly' modifies the verb 'transports.'"). These federal courts have made these holdings even though the federal statute does not contain a provision analogous to R.S. 14:46.3(C)(2), which makes the Louisiana statute clearer than 18 U.S.C. § 2423.[7] Moreover, though the United States Supreme Court does not appear to have considered this exact issue yet, in a concurring opinion in *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), Justice Alito referred to 18 U.S.C. § 2423(a) as an example of a statute in which the context may rebut a presumption that a specified mens rea applies to all elements of the offense. *Id.* at 661 (Alito, J., concurring) (remarking that the federal courts of appeal "have uniformly held that a defendant need not know the victim's age to be guilty under" 18 U.S.C. § 2423(a)).[8]

The defendant also argues that R.S. 14:46.3(C)(2) is unconstitutional solely because it is a strict liability statute, *i.e.*, it permits the state to obtain a conviction without proving the defendant actually knew the victim was a minor. But, as set

---

[7] This interpretation is also in accord with federal court interpretations of 18 U.S.C. § 1591, which prohibits the sex trafficking of children by force, fraud, or coercion. Though that statute does not have a "lack of knowledge" as a defense subsection like the Louisiana corollary, it does provide that the government "need not prove" knowledge of the victim's age where the defendant "had a reasonable opportunity to observe the person." 18 U.S.C. § 1591(c). This has been held to "give force to the provision's obvious goal – to reduce the government's burden" of proof. *See United States v. Copeland*, -- F. 3d -- (5th Cir. 5/2/16), 2016 WL 1741616, at *3. Given that the Louisiana law goes even further – not requiring "reasonable opportunity to observe" at all – the Louisiana statute plainly intends to reduce the state's burden of proof when prosecuting child trafficking defendants.

[8] Indeed, federal courts have "consistently" upheld laws in which Congress has imposed strict liability with regard to a victim's age. *Copeland*, -- F. 3d -- (5th Cir. 5/2/16), 2016 WL 1741616, at *3-4 (citing 18 U.S.C. § 2241(d), 18 U.S.C. § 2243(d), 18 U.S.C. § 2251(a), and 18 U.S.C. § 2323(a) and related cases).

forth above, neither the jurisprudence of this Court nor the United States Supreme Court requires scienter as an element of a crime, particularly where the underlying conduct would be illegal even if the strict liability element was eliminated. *See, e.g., Granier*, 99-3511, pp. 3-4, 765 So. 2d at 1000-01 (noting that legislatures have the power to "exclude elements of knowledge and diligence" from a criminal offense); *Liparota*, 471 U.S. at 425. To the extent the defendant makes a separate constitutional argument solely because this is a strict liability statute, we do not agree with this interpretation and expressly find that statutes without scienter requirements, though "not favored," are not by their very nature constitutionally offensive. *Granier*, 99-3511, pp. 3-4, 765 So. 2d at 1000-01.

To be clear, the plain language of the statute indicates that it is not unconstitutionally contradictory, vague, ambiguous, or indefinite. And, as noted above, this Court's prior jurisprudence and jurisprudence from the United States Supreme Court have instructed that strict liability offenses are not *per se* unconstitutional – particularly where those offenses involve juveniles and address conduct that is illegal notwithstanding the victim's age. Furthermore, and to alleviate any doubt, we also find that our interpretation is in accord with the purpose of the statute. *See Fussell*, 06-2595, p.13, 974 So. 2d at 1231 (directing courts to read statutes to effectuate their purpose).

An evaluation of the language and purpose of the statute is definitive in ascertaining its meaning; a review of the legislative history of an act may be a "helpful guide" in ascertaining that purpose. *State v. Chinn*, 11-2043, p.8 (La. 2/10/12), 92 So. 3d 324, 329 (citation omitted). Speaking about the distinction between R.S. 14:46.3 and Louisiana's broader human trafficking law, R.S. 14:46.2, which is applicable to both juvenile and adult victims, Representative Neil Abramson (the bill's sponsor) indicated that R.S. 14:46.3 was intended to remove the state's burden of proving that the child victim had been coerced or defrauded.

*See* La. 2009 Reg. Session House Committee on Admin. Of Crim. Justice, Act 375, HB 564 (5/5/09) (noting that the statute "removes any defenses that the perpetrator didn't know how old the child was, which is consistent with all of our other laws with respect to crimes against juveniles."), *available at* http://house.louisiana. gov/H_Video/2009/May2009.htm. The treatise writers are in accord. *See* Cheney C. Joseph. P. Raymond Lamonica, 17 La. Civ. L. Treatise, Crim. Jury Instructions § 10:76 (3d ed. Dec. 2015) ("Lack of knowledge of the age of the victim is specifically rejected as a defense. Thus, knowledge of the sexual purpose of the trafficking, and not of the age of the victims, would likely be sufficient to constitute the offense."). In contrast to these directives from the legislature, the defendant's interpretation of the term "knowingly" would "strip the statute of its clear purpose: the protection of minors. . . . Imposing such a mens rea requirement would be tantamount to permitting adults to prey upon minors so long as they cultivate ignorance of their victims' age." *Jones*, 471 F.3d at 540 ("It would be nonsensical to require proof of knowledge of the victim's age when the statute exists to provide special protection for all minors, including, if not especially, those who could too easily be mistaken for adults.").

Finally, in granting the defendant's motion, the district court erroneously relied upon this Court's decision in *State v. Cinel*, 94-0942 (La. 11/30/94), 646 So. 2d 309. *Cinel*, however, is distinguishable, because it involves First Amendment considerations that are not present here. In *Cinel*, this Court upheld a district court ruling striking the portion of the child pornography statute, R.S. 14:81.1, that, like subpart (C)(2) here, precluded the defendant from asserting lack of knowledge of the victim's age as a defense. *Cinel*, 94-0942, p.1, 646 So. 2d at 311. The Court found that, notwithstanding the considerable leeway afforded to the state to prohibit child pornography, First Amendment considerations preclude the state from dispensing with the scienter element regarding the performer's age. *Id.*, 94-

0942, p.11, 646 So. 2d at 317. *See Granier*, 99-3511, p.5, 765 So. 2d at 1001 (distinguishing *Cinel*). *Cinel* is also in accord with *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 (1994), in which the Supreme Court held that knowledge of the age of the performer for purposes of a child pornography charge was an "elemental fact" to which the scienter requirement must be applied, because non-obscene, sexually explicit materials involving adults are protected by the First Amendment. *Id.* at 72. In other words, absent the presence of the underage performers, the conduct itself is not illegal. The district court therefore erred when it found *Cinel* controlling absent any First Amendment considerations and given that the law does not criminalize conduct which would otherwise be legal but-for the victim's age.

A review of the plain language and purpose of R.S. 14:46.3 demonstrates that the district court erred when it declared subpart (C)(2) unconstitutional. That R.S. 14:46.3, like other laws enacted to protect children, is intended to criminalize the knowing sex trafficking of juveniles, regardless of the defendant's knowledge of the victim's minority status, is apparent from the statute's language, structure, and history. Any ambiguity in R.S. 14:46.3(A)(1) can be eliminated by reading it in conjunction with R.S. 14:46.3(C)(2)'s clear directive that lack of knowledge of the victim's age is not a defense.

## CONCLUSION

For the reasons set forth herein, we reverse and vacate the judgment of the district court and find that R.S. 14:46.3(C)(2) is constitutional, specifically finding that the provisions of R.S. 14:46.3(C)(2) are clear and unambiguous and do not conflict with R.S. 14:46.3(A)(1). The matter is remanded to the district court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

11

**SUPREME COURT OF LOUISIANA**

**No. 2015-KA-2163**

**STATE OF LOUISIANA**

**VERSUS**

**DOMINICK SIMS**

**ON APPEAL
FROM THE NINETEENTH JUDICIAL DISTRICT COURT,
FOR THE PARISH OF EAST BATON ROUGE**

**Hughes, J., dissenting.**

I respectfully dissent. I believe the trial court was correct. Lewis Carroll will smile.