UNITED STATES of America,
Plaintiff–Appellee,

v.

Francisco DE LUNA–TRUJILLO,
Defendant–Appellant.

No. 88–2689
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 6, 1989.

Ruben R. Pena, Weslaco, Tex. (Court-appointed), for defendant-appellant.

Paula Offenhauser, Asst. U.S. Atty., Henry Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before RUBIN, GARWOOD, and DAVIS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The district court imposed on a defendant who had pled guilty to a criminal offense a sentence that was beyond the range generally applicable, as established by the Sentencing Guidelines promulgated by the United States Sentencing Commission. Because the guidelines sanction this departure from the guideline range, we affirm the sentence.

Francisco De Luna–Trujillo pled guilty in 1988 to conspiring to possess 200 pounds of marijuana. Under the guidelines, a defendant's sentence is calculated on a grid based upon his offense level and criminal history category. The district court placed De Luna's offense level at 22, for which the sentence range is 41–105 months of imprisonment depending upon the defendant's criminal history. The court found De Luna's criminal history category to be II because he had been convicted and sentenced to three years imprisonment in 1975 for intending to distribute 1,653 pounds of marijuana. When an offense level of 22 is correlated with a criminal history category of II, the punishment range is 46–57 months. The district court, however, sentenced De Luna to 72 months imprisonment because the criminal history category did not adequately reflect the amount of drugs involved in each offense and did not take into account that the prior conviction was for the same type of offense.

De Luna contends that this upward adjustment is invalid under the guidelines: section 4A1.2(e)(2) permits a court to consider a defendant's criminal history only if the prior sentence was imposed within ten years of the defendant's current offense, and section 4A1.3 permits departure from the applicable sentence range only if the criminal-history category does not adequately reflect the seriousness of the defendant's past criminal conduct or if there is a likelihood that the defendant will commit other crimes.

Section 4A1.2(e) sets out the applicable time period a court can consider when computing a defendant's criminal history.

(1) Any prior sentence of imprisonment exceeding one year and one month that

was imposed within fifteen years of the defendant's commencement of the instant offense is counted....

(2) Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted.

(3) Any prior sentences not within the time periods specified above is not counted.

De Luna's prior sentence exceeded 13 months and occurred within the 15–year period. It was appropriate, therefore, for the court to consider this prior conviction when determining his criminal-history category.

When computing a defendant's criminal-history category, section 4A1.2 does not distinguish between the variety of offenses that may have occasioned a 13–month sentence within the past 15 years. The sentencing table, therefore, takes little account of either the nature and magnitude of the past offense, or its relationship to the current crime. The absence of any connection between the past and current offenses, other than a certain temporal contiguity, is remedied by section 4A1.3, which provides the sentencing judge with discretion to

impos[e] a sentence departing from the otherwise applicable guideline range.... [i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes.... Such information may include, but is not limited to, information concerning: ...

(c) prior similar misconduct established by a civil adjudication....

(e) prior similar adult criminal conduct not resulting in a criminal conviction.

■ When it departed from the sentence range established by the guidelines, the district court stated that the criminal-history category did not adequately reflect the amount of drugs involved in each offense and did not consider that the prior conviction was for the same type of offense. [T]he Court, based on ... the Guidelines Section 4[A]1.3 is going to depart in this particular case, in that this man has a prior conviction that was not taken into consideration in the criminal history category, for basically the same type of offense, a marijuana offense. In that case it was 1600 pounds. In this case the Government has agreed to limit its proof to 200 pounds, but the total amount was three hundred and some pounds.

And the Court also realizes the minimum [sentence], if he had been allowed to plead with regard[ ] to the three hundred and some pounds[,] would have been five years in this case.

The Court is going to sentence the Defendant to ... 72 months, based on its departure reasons.... I still think it's pretty light based on the fact situation of somebody that's got a prior drug conviction of 1,600 pounds of marijuana.

When a district court relies on section 4A1.3 to depart from the established guidelines, it should articulate its reasons for doing so explicitly. We do not, of course, require sentencing judges to incant the specific language used in the guidelines, and, indeed, such a ritualistic recital would make the sentence less comprehensible to the defendant and our review more difficult. What is desirable, however, is that the court identify clearly the aggravating factors and its reasons for connecting them to the permissible grounds for departure under section 4A1.3.

■ In this case, the sentencing judge was evidently impressed by the quantity of marijuana involved in both the 1975 and 1988 convictions. The amount of marijuana De Luna was convicted of possessing in 1975 heightens the seriousness of that crime, and thus satisfies the requirements of section 4A1.3 under which the court can lengthen the sentence beyond the range set in the sentencing table.

■ The court also stressed the essential similarity of the 1975 and 1988 offenses, a factor omitted from the criminal-history calculus. The guidelines propose "prior similar adult criminal conduct *not* resulting

in a criminal conviction"[1] as a basis for departing from the sentence range, and emphasize that other factors indicative of the seriousness of the past crime and the possibility of future crimes may be considered. "[P]rior similar adult criminal conduct" may indicate the seriousness of the past crimes and the likelihood of future crimes whether or not it has resulted in conviction. The recidivist's relapse into the same criminal behavior demonstrates his lack of recognition of the gravity of his original wrong, entails greater culpability for the offense with which he is currently charged, and suggests an increased likelihood that the offense will be repeated yet again. While the prior similar adult criminal conduct that has resulted in conviction may have already been counted under section 4A1.2(e)(1) or (2) when computing the criminal-history category, the similarity between the two offenses provides the district court with additional reason to enhance the sentence under section 4A1.3.

■ To trigger a 72–month sentence, an offense level of 22 requires a criminal-history category of IV. Given the seriousness of the past offense and the increased likelihood of future criminal acts, we have no reason to believe that the district court abused its discretion when it effectively raised De Luna's criminal-history category from II to IV, and increased the sentence from 57 to 72 months.

For the foregoing reasons, the sentence imposed by the district court is AFFIRMED.

---

1. Section 4A1.3 (emphasis supplied).