**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 93-8210
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ERNEST SCHMELTZER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

(April 28, 1994)

Before WOOD,[1] SMITH, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

Defendant-Appellant Ernest Schmeltzer seeks reversal of his conviction on constitutional grounds, and alternatively, reversal and remand of his sentence. Finding the statutes of conviction constitutional and no error in the sentence, we affirm.

I.

Upon his guilty plea Defendant Ernest Schmeltzer was convicted under 18 U.S.C. § 2252(a)(4)), of knowingly possessing three or more items of child pornography, and under §§ 1462 and 2, of knowingly receiving obscene matters from a common carrier and aiding and abetting. Defendant argues that the crimes of receiving and possessing pornography or obscene matters should require some

_____

[1] Circuit Judge of the 7th Circuit, sitting by designation.

proof of knowledge of the contents of the material to withstand a constitutional challenge.

The constitutionality of 18 U.S.C. § 2252(a)(4) was recently determined in United States v. Burian, No. 93-1123, 1994 WL 114645 (5th Cir. Apr. 7, 1994) (declining to follow United States v. X-Citement Video, Inc., 982 F.2d 1285 (9th Cir. 1992), cert. granted, 114 S. Ct. 1186 (1994)).

Because this Court construes § 2252 to include scienter, the statute is constitutional as applied. Id. at *1-2. The scienter requirement for conviction of knowingly receiving obscene matters under § 1462 is general knowledge that the material is sexually oriented. United States v. Hill, 500 F.2d 733, 740 (5th Cir. 1974), cert. denied, 420 U.S. 952 (1975). Defendant admitted knowledge that the items he possessed depicted minors and knowledge of the content and overall character of the material he received from a common carrier. As applied, the statutes include scienter as an element of the crimes. Defendant's constitutional challenge fails. Burian, 1994 WL 114645, at *3.

## II.

Defendant originally pleaded guilty in 1991 to receiving child pornography under 18 U.S.C. § 2252(a)(2) and was sentenced to only 39 months' imprisonment. On appeal we vacated the sentence as inconsistent with the statutory minimum 60-month prison term for a second conviction under § 2252(a)(2) and (b). After a superseding indictment, Defendant pleaded guilty to four different charges, one count for possessing three or more items of child pornography, and

three counts for receiving obscene matters. The court imposed a 60-month term of imprisonment on each count (to run concurrently).

Schmeltzer argues that the increase in his sentence after remand violated his due process rights to appeal. See North Carolina v. Pearce, 395 U.S. 711, 726 (1969). A defendant has a right to appeal free from fear of judicial retaliation for exercise of that right. Id. at 724-25. Defendant charges that his receiving an increased sentence the second time around gives rise to a presumption that the district judge engaged in judicial vindictiveness, because the reasons given for the sentence do not identify conduct or an event concerning culpability occurring after the original sentence to justify the increased sentence.

Defendant's argument focuses on the reasons given for departure[2] rather than the most basic reason for a sentence))the offense level. Defendant's offense level for the 1991 conviction on a single count was 15. After an upward departure, Defendant was sentenced to 39 months, which is within the range for offense level 19 (category II, 33-41 months). The second presentence report after the conviction for four different counts suggests an offense level of 19; after an upward departure, Defendant was sentenced to 60 months, which is within the range for offense level 23 (category II, 51-63 months).

---

[2] We reject Defendant's suggestion that the court's upward departure caused any discrepancy between the two sentences, as the court departed upward both times, choosing a sentence within the range for an offense level four levels higher each time and giving similar reasons each time.

Even if the <u>Pearce</u> presumption were to apply,[3] we hold that objective information justifying the increase rebuts any presumption of vindictiveness.  Consideration of the new convictions obtained is "manifestly legitimate."  <u>Wasman v. United States</u>, 468 U.S. 559, 570-71 (1984) (discussing <u>Pearce</u>).  <u>Pearce</u> concerned defendants who were resentenced to longer prison terms upon new convictions *for the same offenses* they had overturned on appeal.  The second time around the probation officer brought to the court's attention a four-level increase applicable to Schmeltzer under § 2G2.2(b)(3) for material portraying sadism, masochism, or violence; this specific offense characteristic was evidently overlooked by the first probation officer.  Consideration of information developed after the first sentencing was entirely proper upon the resentencing.  <u>See</u> <u>Wasman</u>, 468 U.S. at 571.  The changed circumstances))the convictions for four different charges and the increased offense level))are sufficient objective events and information justifying an increase so as to rebut any presumption of vindictiveness.

---

[3]  This case arguably does not fall under <u>Pearce</u> because Schmeltzer "was not sentenced after a new trial, one of the stated prerequisites for triggering the <u>Pearce</u> presumption."  <u>United States v. Vontsteen</u>, 910 F.2d 187, 190 (5th Cir. 1990) (dicta), <u>cert. denied</u>, 498 U.S. 1074 (1991), <u>adhered to on reh'g en banc</u>, 950 F.2d 1086, <u>cert. denied</u>, 112 S.Ct. 3039 (5th Cir. 1992).  "Factors that come into play concomitant with a new trial, such as the burden imposed on the trial judge, and which might give rise to vindictiveness, are not present here."  <u>Id.</u>; <u>cf.</u> <u>Alabama v. Smith</u>, 490 U.S. 794, 803 (1989) (finding no presumption of vindictiveness where heavier second sentence is imposed after trial and first sentence was imposed after guilty plea).

4

Defendant next complains of error in adding two levels to his offense level for pornography depicting children under age twelve. The PSR recommended a two-level increase under U.S.S.G. § 2G2.2(b)(1), appropriate if the material involved either a minor under age twelve *or a pre-pubescent minor.*

The PSR reveals that many items found in his home showed pre-pubescent boys and girls. 2nd PSR paras. 12, 16, 17.

Defendant would limit the sentencing court's consideration to the facts alleged in the indictment and stipulated in the plea, which provide no suggestions of ages under twelve or puberty status. A sentencing court's wide discretion in the source of information it may consider in imposing sentence is not so limited. See U.S.S.G. § 6A1.3 (court may consider relevant information without regard to its admissibility if satisfied with its reliability); Vontsteen, 910 F.2d at 190 (sentencing court entitled to accord some minimal indicium of reliability of information contained in PSR). Accordingly the two-level increase was properly assessed in reliance on the PSR.

IV.

The sentencing court gave three reasons for its upward departure: the Defendant's sexual abuse of children, Defendant possessed the same type of pornographic material as was involved in his previous conviction, and the aggravating factors are not taken into account in formulating the guidelines.

Defendant complains that the sentencing commission indeed

adequately considered that an accused might violate a law he had previously violated in the Guidelines on Criminal History Category. In making a departure, a sentencing court must find an aggravating circumstance not adequately taken into consideration by the Commission in formulating the guidelines. U.S.S.G. § 5K2.0; 18 U.S.C. § 3553(b). The PSR relates more than just commission of the offenses while on probation for a prior conviction; the earlier conviction was for a very similar offense. In fact, Defendant obtained copies of the very same child pornography which had been seized from his possession in 1987. 2nd PSR paras. 12, 72. The essential similarity of a prior conviction supports a departure, because it may indicate the Defendant's increased likelihood of recidivism or lack of recognition of the gravity of the original wrong. United States v. De Luna-Trujillo, 868 F.2d 122, 124-25 (5th Cir. 1989).

The court gave as an additional reason for departure Defendant's sexual abuse of children. The Application Notes to U.S.S.G. § 2G2.2 require an upward departure "[i]f the defendant sexually exploited or abused a minor at any time." Defendant argues that there was no proof he had sex with a minor. The PSR brought out ample evidence, however, in the postcard of a girl about aged eight with Defendant's handwritten note stating "this was about the same age as the youngest one I had"; also the manager of a nudist video distributor stated that Defendant described "'lewd and somewhat bizarre' contact he had had with children." 2nd PSR paras. 9, 12, 14.

6

Defendant also complains that if he had intercourse with a minor in a foreign country, our courts lack jurisdiction. We need not decide whether conduct outside the United States may merit a departure. In addition to the Defendant's admission to a confidential witness that the had sexual intercourse with a Taiwanese girl of no more than thirteen, Defendant "also advised the CW [that] he once had sexual intercourse with a junior high girl because 'she wanted it.'" 2nd PSR para. 9. This admission was in addition to the admitted incident in Taiwan, and the phrase "junior high girl" suggests a student in the United States.

Defendant also contends that the court erred in jumping from criminal history category II to category V in making a departure. The court had wide discretion in determining the extent of departure. United States v. Moore, 997 F.2d 30, 37 (5th Cir.), cert. denied, 114 S.Ct. 647 (1993).

We reject Defendant's suggestion that the court departed to a higher criminal history category. In determining the level of an upward departure for sexual abuse of children, the Application Note requires the court to consider "the offense levels provided in §§ 2A3.1, 2A3.2, and 2A3.4 most commensurate with the defendant's conduct." The PSR suggested consideration of the guideline on Criminal Sexual Abuse, § 2A3.1, which carries a base offense level of 27. The court apparently applied a lesser four-level departure to offense level 23 as suggested in the PSR. Level 23 yields a sentencing range of 51-63 months, still within category II. The record and the 60-month sentence thus reflect that the court did

7

not depart to a higher criminal history category.

                                    V.

Defendant finally maintains that he accepted responsibility so as to merit a decrease in his offense level.  The determination by the sentencing judge that the Defendant did not accept responsibility is entitled to "great deference."  Application Note foll. § 3E1.1.  According to the PSR, Defendant was constantly excusing his behavior and refusing to admit that he ordered or viewed the materials.  2nd PSR paras. 13, 20, 22-23.  The court did not err in finding no acceptance of responsibility.

AFFIRMED.