**UNITED STATES of America, Plaintiff,**

v.

**Modesto HERNANDEZ, Defendant.**

**No. 96–329–CR.**

United States District Court,
S.D. Florida.

Oct. 16, 1998.

Michael Davis, Assistant United States Attorney, Miami, FL, for Plaintiff.

Richard Klugh, Assistant Federal Public Defender, Miami, FL, for Defendant.

## ORDER OF UPWARD DEPARTURE

MORENO, District Judge.

THIS CAUSE came before the Court for re-sentencing pursuant to the Remand from the Eleventh Circuit Court of Appeal in *United States v. Hernandez*, 145 F.3d 1433 (11th Cir.1998). The appellate court affirmed the convictions but reversed holding that this court erred in finding that the defendant's prior convictions constituted qualifying offenses for career offender status pursuant to U.S.S.G. § 4B1.1. At this re-sentencing the government moves for an up-

ward departure from the present guideline range of 120 to 150 months, pursuant to U.S.S.G. § 4A1.3, alleging that the defendant's criminal history category VI underrepresents the severity of the defendant's past criminal conduct *or* there is a likelihood of recidivism.[1] The Court grants the motion and sentences the defendant to 210 months on Count II (possession with intent to distribute cocaine) and 120 months on Count I (possession of a firearm by a convicted felony), to be served concurrently, plus 60 months to be served consecutively for Count III (possession of a firearm in relation to a drug trafficking crime), for a total of 270 months.

In departing upwards, the Court finds that the defendant's criminal history category VI does not adequately reflect the seriousness of his criminal history and more importantly that there is a likelihood of recidivism. The Court adopts the analysis of *United States v. Riggs*, 967 F.2d 561 (11th Cir.1992), in finding that defendant Hernandez would likely commit other crimes based on his extensive criminal history, the similarity of the offenses and their close proximity. Since his arrival from Cuba into the United States in 1980, defendant Hernandez has been arrested in 1982, 1983, 1985, 1986, 1987, 1992 (three times), 1993, 1994 (twice), 1995 and 1996 plus the instant offense. From those arrests, the following convictions were obtained for which he received *no* criminal history points:

(1) unlawful sale of marijuana on September 6, 1983;

(2) loitering and prowling on August 10, 1982;

(3) delivery of one kilogram of cocaine in 1987, for which the defendant was sentenced to two and a half years but the conviction was reversed by the state appellate court and the case remains pending in state court.

■ The defendant has been assessed, without objection, 15 criminal history points (2 points above the minimum required for criminal history category VI). Thus, the above described three offenses allow for an upward departure because they are not reflected in the sentencing guideline compu-

---

1. Notice of the upward departure was provided in conformity with *Burns v. United States*, 501

U.S. 129, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991).

tation. However, the Court in departing upward does not consider the other three offenses which were dismissed by state prosecutors:

1) Trafficking in cocaine, on February 3, 1992.

2) Possession of 20 pieces of crack cocaine, December 4, 1995.

3) Possession with intent to sell 35 pieces of crack cocaine, March 20, 1996.

■ Independently of the unscored convictions, the Court also considers as evidence of the recidivist tendency of defendant Hernandez the similar nature of the following additional convictions [2]:

1) On October 30, 1986, the defendant was arrested as a passenger in a vehicle where 546 grams of marijuana and $33,300 were found. Defendant Hernandez entered a guilty plea on November 12, 1987 and was sentenced to a year and a day and he forfeited the $33,300 seized from the vehicle.

2) On April 7, 1993, the defendant was sentenced to two years community control (house arrest) for his 1992 offense of carrying a concealed firearm, (a .357 revolver), and for possession of rock cocaine.

3) On April 7, 1993, the defendant received a concurrent sentence of 364 days in jail for sale of cocaine on November 13, 1992.

4) On the same date defendant received a concurrent sentence for the July 16, 1993 offense of possession of several pieces of crack cocaine and for the unlawful possession as a convicted felon of .38 caliber revolver.

The similarity of the above described offenses provides a separate ground relied upon by this Court in the upward departure. However, the defendant's additional convictions on March 27, 1995 and July 10, 1995 for simple possession of crack cocaine are *not* sufficiently similar as to by themselves justify an upward departure.

■ It is true that the amount of cocaine which defendant Hernandez has sold in the past has been, with the exception of the one kilogram trafficking conviction still pending, relatively small under federal standards in the Southern District of Florida. Nevertheless, small or mid-size traffickers of cocaine are also subject to the harsh penalties of the law applied to repeat offenders. One need not be an expert in recidivism to know, based on the close proximity of the offenses, their similarity, and the lenient treatment that the defendant has received from the state criminal justice system to reasonably predict that he will continue on the same path upon release from incarceration.

■ Receiving lenient treatment from the criminal justice system for prior convicted conduct is another valid factor for an upward departure. *See United States v. Brown*, 9F3d 907 (11th Cir.1993). Simply put, the Court may depart upwards where a defendant is a "habitual criminal" despite not qualifying under the career offender guideline § 4B1.1. *See United States v. Campbell*, 888 F.2d 76 (11th Cir.1989).

Once finding that the defendant's conduct places him outside of the heartland of cases justifying an upward departure, the next, more difficult issue is the extent of the departure. The defendant argues in mitigation that he suffers from the HIV virus and as such that a guideline sentence is sufficient punishment for the possession of 43 rocks of cocaine and the pistol. In addition, defendant argues that unless there is a political change in Cuba, the defendant would be detained by the Immigration and Naturalization Service upon completion of his sentence of incarceration. On the other hand, the government argues that the future impact of the defendant's illness and the political situation in Cuba are too speculative to consider in fashioning a sentence. The Government further argues that society needs to be protected from persistent, incorrigible drug dealers as Mr. Hernandez. Furthermore, the government asks for the top of any guideline range based upon the defendant's conduct described in paragraphs 4 and 5 of the presentence investigation report, indicating that defendant Hernandez was planning to kill an unknown individual and was seeking payment in order to commit this murder.[3]

---

**2.** *See, United States v. Riggs, id; United States v. Chavez–Botello*, 905 F.2d 279 (9th Cir.1990); *United States v. DeLuna–Trujillo*, 868 F.2d 122 (5th Cir.1989).

**3.** No upward departure is sought for this conduct, but simply a sentence at the top of any guideline range.

In structuring the upward departure, the Court, consistent with the guidelines, moves incrementally down the sentencing table to the next higher offense level in criminal history category VI until it finds a guideline range appropriate to the case. The guideline range established by the presentence investigation report in category VI, with an adjusted offense level 26, is a 120 to 150 months period of incarceration. In moving down vertically in column VI, the Court moves four levels to level 30. The guideline range for level 30 is 168 to 210 months. In moving down four levels, the Court considers the criminal history points that the defendant did not receive for the convicted conduct, the convicted and reversed conduct, the similarity of the convictions, the close proximity of all of the offenses and the defendant's lack of recognition of the gravity of any of his offenses.

In *United States v. De Luna–Trujillo*, 868 F.2d 122 (5th Cir.1989), the court upheld a two category upward departure based on a 13–year–old similar conviction for possession of large amounts of marijuana. This case does not involve the prohibition of considering a conviction older than 10 years in establishing a defendant's criminal history of convictions.[4] Nevertheless, the extent of the upward departure, pursuant to U.S.S.G. § 4A1.3, in *De Luna–Trujillo* (from II to IV) provides some guidance. A departure of two criminal history categories is the equivalent of a four level departure within category VI.

Therefore, it is the judgment of this Court that the defendant be committed to the custody of the Bureau of Prisons for a period of 210 months on the cocaine charge (Count II) and 120 months to be served concurrently on the possession of a firearm by a convicted felon charge (Count I). The Court also sentences the defendant to 60 months, pursuant to 18 U.S.C. § 924(c) on Count III, to be served consecutively for a total of 270 months.[5]

---

4. *See* U.S.S.G. § 4A1.2(e)

5. The defendant's original reversed sentence was 387 months.