IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11085
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

MICHAEL ANTHONY BAKER

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CR-466-1-X
--------------------
April 8, 2002

Before KING, Chief Judge, and HIGGINBOTHAM and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Michael Anthony Baker appeals his sentence of 46 months'
imprisonment after pleading guilty to conspiracy to commit bank
fraud.  Baker waived his right to appeal his sentence in his plea
agreement, except in the event of an upward departure.  The
district court did depart upward from the sentencing guideline
range, and it is that action which Baker appeals.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Baker argues that the guidelines had already taken into account his prior conviction and the fact that this offense was committed while he was under a criminal justice sentence and so quickly after his release. Baker's argument ignores the district court's stated reasons for the departure: the similarity of the offenses and the resulting greater likelihood of recidivism. This court upheld an upward departure for these reasons in <u>United States v. De Luna-Trujillo</u>, 868 F.2d 122, 124-25 (5th Cir. 1989), specifically noting that similarity of offenses is not a factor considered by the criminal history guidelines, and that similarity of offenses suggests an increased likelihood of recidivism. The district court specifically cited this case in its reasons. The district court also noted its concern for giving Baker a lesser sentence than that imposed for his previous conviction, another factor not considered by the guidelines, and a factor approved as a reason for upward departure in <u>United States v. Barnes</u>, 910 F.2d 1342, 1345 (6th Cir. 1990).

Baker's second argument, that his criminal history was not significantly more serious than that of most others in criminal history category III, also ignores the district court's reasons for departure. The district court did not base its departure on a determination that his criminal history category significantly underrepresented the seriousness of his criminal history. The district court focused solely on the likelihood of recidivism and

the need for incapacitation by incarceration, which reasons Baker does not address.

Baker argues that the district court did not follow this court's methodology for upward departures in United States v. Lambert, 984 F.2d 658 (5th Cir. 1993)(en banc) because it gave no explanation for why it bypassed intermediate criminal history categories between III and VI. The district court stated that it had

> considered all alternatives between the applicable pre-departure guideline range of offense level 14, criminal history category III and the departed to guideline range of offense level 14, criminal history category VI. The Court found them to all be inadequate to fulfill the purposes of sentencing . . . under the specific facts of this case.

The district court complied with Lambert. The district court was not required to discuss each category rejected. Lambert, 984 F.2d at 663. The district court's reason for rejecting the intermediate categories was implicit in its explanation of its reasons for departure, incapacitation from further criminal activity for as long as possible, and imposition of a higher sentence for the second offense to impress upon Baker the seriousness of his repeated conduct.

Baker's last argument, that the district court's action effectively nullified his substantial assistance, again ignores the fact that the district court granted the Government's motion for downward departure and gave Baker a sentence of 46 months, 14 months less than the 60 months that the court was originally

contemplating.  The district court gave effect to Baker's substantial assistance to the extent that the court determined it was outweighed by the other factors warranting an upward departure.

The district court did not abuse its discretion in departing upward.  <u>United States v. Ashburn</u>, 38 F.3d 803, 807 (5th Cir. 1994)(en banc).  Baker's sentence is AFFIRMED.