**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.

CARL D. KING, a/k/a Carl Devince
King,
              *Defendant-Appellant.*

No. 01-4855

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.

CARL DEVINCE KING,
              *Defendant-Appellant.*

No. 01-4935

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge;
James C. Fox, Senior District Judge.
(CR-96-96-F, CR-00-29-BO)

Submitted: May 22, 2002

Decided: June 21, 2002

Before MOTZ and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Jennifer May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

In No. 01-4855, Carl Devince King appeals the eighty-seven-month concurrent sentences imposed after he pled guilty to bank robbery, in violation of 18 U.S.C.A. § 2113(a) (West 2000). He alleges that the district court abused its discretion in departing upward one criminal history category based upon the likelihood of recidivism. In No. 01-4935, King appeals the thirty-six-month consecutive sentence imposed by the district court after it revoked his supervised release following his release from prison on an earlier armed bank robbery conviction. We affirm.

King first contends that the district court abused its discretion in departing upward based upon the likelihood of recidivism because criminal history category IV fully accounted for his prior criminal conduct and the likelihood he would commit future crimes. Here, the district court decided to depart upward from criminal history category IV to V after reviewing the presentence report and discussing King's criminal history at two sentencing hearings. The court found that the likelihood of recidivism and future threat to society were great based upon the fact that the sentence King served on his earlier armed bank robbery conviction was not sufficient to deter him from committing similar crimes, that he committed the instant offenses only four

months after his release, and that he was on supervised release when he committed the bank robberies and an attempted robbery of an insurance company.

Generally, a district court's decision to depart is reviewed for an abuse of discretion. *Koon v. United States*, 518 U.S. 81, 91, 98-99 (1996). A district court may depart on the basis of an encouraged factor that is not adequately accounted for under the applicable guideline but that decision is not accorded deference. *Id.* at 95-96, 99-100; *see also United States v. Rybicki*, 96 F.3d 754, 757-58 (4th Cir. 1996). The sentencing guidelines expressly encourage departure when a defendant's "criminal history category does not adequately reflect the seriousness of [his] past criminal conduct or the likelihood that [he] will commit other crimes." *U.S. Sentencing Guidelines Manual* § 4A1.3, p.s. (2000).

King correctly notes that the probation officer assessed two criminal history points under USSG § 4A1.1(d) because he was on supervised release when he committed the bank robberies and assessed an additional point under USSG § 4A1.1(e) because those robberies occurred less than two years after his release from prison on a 1996 armed bank robbery conviction. He therefore argues that the likelihood of recidivism already was taken into account in the guidelines calculation of his criminal history score. We find, however, that, because King committed two bank robberies and an attempted robbery shortly after he began his term of supervised release for the earlier armed bank robbery conviction, his case falls outside the heartland of cases covered by USSG § 4A1.1(d) and (e). *United States v. King*, 150 F.3d 644, 650-51 (7th Cir. 1998); *see United States v. De Luna-Trujillo*, 868 F.2d 122, 125 (5th Cir. 1989) ("The recidivist's relapse into the same criminal behavior demonstrates his lack of recognition of the gravity of his original wrong, entails greater culpability for the offense with which he is currently charged, and suggests an increased likelihood that the offense will be repeated yet again.").

King also contends that the court failed to provide adequate reasons for its decision to depart from criminal history category IV to V. Our review of the record leads us to conclude that the district court provided adequate reasons for its departure decision. *See United States*

*v. Rusher*, 966 F.2d 868, 882 (4th Cir. 1992). Accordingly, we find no abuse of discretion in the district court's decision to depart upward one criminal history category based upon King's likelihood of recidivism.

Turning to the appeal from the thirty-six-month sentence King received after the district court revoked his supervised release, King contends that his sentence was plainly unreasonable in light of the district court's upward departure in sentencing him on the bank robberies that were also a violation of his supervised release conditions. He also asserts that the sentence was unreasonable because it twice exceeded the advisory guideline range provided in Chapter 7 of the sentencing guidelines. We have thoroughly reviewed the record on appeal and conclude that the district court did not abuse its discretion in sentencing King to a thirty-six-month term of imprisonment to be served consecutively to the sentence he received for the substantive offenses. *See United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995) (providing standard of review); USSG § 5G1.3, comment. (n.6).

Accordingly, we affirm the judgments of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*