United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-10396
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SHERRI ANN KAETHER,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-251-I-A

_____

Before JOLLY, HIGGINBOTHAM, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Sherri Ann Kaether appeals her upward departure sentence for unlawful possession of stolen mail. Kaether contends that the "non-serious" nature of her prior conviction for possession of stolen mail was insufficient to warrant an upward departure and that her commission of the same offense within a five-year period failed to render her criminal record "atypically egregious."

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Based on the Sentencing Guidelines' allowance for upward departures based upon prior similar adult conduct that did not result in a criminal conviction,[1] Kaether draws the negative inference  that there is no basis for a departure if the prior similar adult conduct did result in a conviction.  Kaether also argues that, because the guidelines assess additional criminal history points for defendants who commit offenses while on supervised release and/or within two years of their release from confinement, it necessarily follows that increased punishment is not intended for a defendant who, like Kaether, commits a new offense beyond two years from release from incarceration and after completion of a prior term of supervised release.

With respect to the extent of the departure, Kaether argues that the district court failed to explain why intervening criminal history categories V and VI under-represented Kaether's risk of recidivism.  Kaether also contends that the district court failed to distinguish her criminal record as more serious than those of defendants falling within the intervening criminal history categories.

The district court's decision to depart upward was warranted since it was based on Kaether's likelihood to recidivate.[2]  In

_____

[1]U.S. SENTENCING GUIDELINES MANUAL § 4A1.3(a)(2)(E) (2003).

[2]*See United States v. Bell*, 371 F.3d 239, 243 (5th Cir. 2004) (exercising *de novo* review over district court's decision to depart)*; United States v. McDowell*, 109 F.3d 214, 218 (5th Cir. 1997) ("We find no clear error in the district court's conclusion

addition, the district court's departure did not constitute an abuse of discretion, and was adequately explained and justified by the court.[3]

For the first time on appeal, Kaether cites to *Blakely v. Washington*[4] and asserts that the district court's upward departure violated her Sixth Amendment rights since it was based upon findings that were neither charged in the indictment nor found by a jury beyond a reasonable doubt.  Kaether correctly concedes that this argument is foreclosed by our decision in *United States v. Pineiro*.[5]

AFFIRMED.

---

that the likelihood of recidivism, in the light of McDowell's prior conduct, warranted an upward departure from the guidelines."); *United States v. De Luna-Trujillo*, 868 F.2d 122, 125 (5th Cir. 1989) ("'[P]rior similar adult criminal conduct' may indicate the seriousness of the past crime and the possibility of future crimes whether or not it has resulted in conviction." (alteration in original)).

[3]*See Bell*, 371 F.3d at 243; *United States v. Lambert*, 984 F.2d 658, 663 (5th Cir. 1993) (en banc) ("We do not . . . require the district court to go through a ritualistic exercise in which it mechanically discusses each criminal history category it rejects en route to the category it selects.").

[4]124 S.Ct. 2531 (2004).

[5]377 F.3d 464, 473 (5th Cir. 2004), *pet. for cert. filed* (U.S. July 14, 2004, No. 03-30437).