# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2010

No. 09-30304

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CORE L. MORRIS, also known as Pretty Boy,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:06-CR-50090-1

Before REAVLEY, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Core L. Morris appeals his sentence imposed after our previous remand for re-sentencing following his conviction for mail fraud, counterfeiting checks, and social security number fraud. For the following reasons, we AFFIRM.

1. Morris challenges the application of a sentence enhancement under U.S.S.G. § 2B1.1(b)(10)(C)(i) (2008) for using a "means of identification" to obtain "any other means of identification." Morris used his mother's social security number to obtain a Louisiana driver's license in his own name,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

but he argues that the Government failed to prove that he lacked consent to use the number.  Because Morris did not raise this argument in the district court, it is reviewed for plain error only.  *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).  In this case, we cannot say it was plain error for the district court to find that Morris's use of his mother's social security number to obtain a driver's license was an unauthorized use of the social security number, regardless of whether or not Morris had permission from his mother to use the number for that unlawful purpose.  Morris also argues that the sentence enhancement is inapplicable because the driver's license that he obtained was in his own name.  This argument fails because the driver's license number was still tied inextricably to Morris's mother's social security number.  *See United States v. Williams*, 355 F.3d 893, 900 (6th Cir. 2003) (enhancement applied when defendants used real social security numbers to apply for and obtain home mortgage loans in their own names); *see also United States v. Oats*, 427 F.3d 1086, 1089–90 (8th Cir. 2005); § 2B1.1 cmt. (n.9(C)).

2.  Morris also argues that the district court violated due process and imposed a substantively unreasonable sentence by increasing his criminal history score and imposing a greater sentence after remand because of an intervening conviction obtained for attempting to smuggle drugs into the prison while his first appeal was pending.  The district court expressly explained that the sentence was based on Morris's intervening conviction, which is an objective and permissible factor justifying an increased sentence after a remand.  *See Wasman v. United States*, 468 U.S. 559, 571–72, 104 S. Ct. 3217, 3224–25 (1984); *United States v. Schmeltzer*, 20 F.3d 610, 613 (5th Cir. 1994).  Morris fails to show that the district court procedurally erred or imposed a substantively unreasonable sentence.

No. 09-30304

AFFIRMED.