# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40448
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFREDO GUERRERO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-1636-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Alfredo Guerrero appeals his 30-month sentence for knowingly transporting an illegal alien for the purpose of financial gain. The sentence constituted a nine-month increase from the applicable guidelines range of 15-21 months, which the district court stated was an upward departure pursuant to two sections of the Sentencing Guidelines. The district court's statements at sentencing reflected concern that Guerrero had a prior conviction for the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40448

same offense for which he had received a 20-month sentence, only one month below the top of the current guidelines range.

On appeal, Guerrero asserts that the district court abused its discretion by imposing the upward departure. He contends that the departure may not be justified under § 5K2.0, which covers aggravating or mitigating circumstances, because the commentary to this policy statement states that departures based on criminal history should be considered under § 4A1.3. But, he maintains, the court could not rely on § 4A1.3 to support the departure because nothing in that section's policy statement authorizes an upward departure based on the similarity of the instant offense to the conduct underlying a prior conviction. The Government asserts that we should review Guerrero's claims for plain error because he did not raise these grounds in the district court.

We need not resolve the proper standard of review, as Guerrero's claims fail even under the more onerous abuse-of-discretion standard. *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006). This court has upheld an upward departure based on the similarity between the defendant's prior and current convictions under each of the policy statements relied upon by the district court. *See United States v. Schmeltzer*, 20 F.3d 610, 613 (5th Cir. 1994) (§ 5K2.0); *United States v. De Luna-Trujillo*, 868 F.2d 122, 124-25 (5th Cir. 1989) (§ 4A1.3). Consequently, the judgment of the district court is AFFIRMED.